**The PEOPLE of the State of Colorado,**

**In the Interest of F. S. B., a/k/a F. S. G., a Child,**

**Upon the Petition of W. J. Z., Director of Otero County Department of Social Services, Petitioner-Appellant, and Concerning F. D. G., Respondent-Appellee.**

**No. 81CA0429.**

Colorado Court of Appeals, Div. III.

Dec. 31, 1981.

Mitchell & Mitchell, P. C., Michael T. Mitchell, Rocky Ford, for petitioner-appellant.

No appearance for respondent-appellee.

STERNBERG, Judge.

The Department of Social Services appeals the dismissal of a contempt citation. The trial court found, as a condition precedent to the contempt citation, that the Department must prove that the defendant had actual knowledge of the court order which had been violated. We agree with the trial court and, therefore, affirm.

On November 21, 1977, F. D. G. signed a stipulation under which F. D. G. was to pay $20 per month child support for his minor child until such child was emancipated or reached the age of 18. In that document F. D. G. accepted service of process, waived his right to a hearing, and consented to the entry of an order of support without further notice to him in the paternity action. On April 28, 1978, the court entered its findings, decree, and order of support incorporating the provisions of the stipulation. There was no evidence that F. D. G. ever received a copy of this order.

On March 13, 1981, a contempt citation was issued ordering F. D. G. to appear and show cause why he should not be held in contempt of court for failure to comply with the court order of April 28, 1978. F. D. G. was personally served with the contempt citation on March 19, 1981. The contempt citation was heard on April 3, 1981.

At that time, the court found that even though F. D. G. knew of his obligation to pay child support, he had not received a copy of the court order directing such payment. Since the Department could not prove that F. D. G. had actual knowledge of that court order, the trial court concluded that the issuance of the contempt citation overstepped the bounds of due process.

The Department contends that F. D. G. waived his right to any notice of the order of support in the stipulation. The trial court discerned a distinction between waiving notice of hearing and entry of an order, and waiving the right to knowledge of the actual entry of the order. This distinction is important.

Proceedings in contempt must accord with the tenets of due process. *Austin v. City & County of Denver*, 156 Colo. 180, 397 P.2d 743 (1964); *In re Marriage of Peper*, 38 Colo.App. 177, 554 P.2d 727 (1976). Hence, we hold that a contempt proceeding is fatally defective unless it is shown that the contemnor had actual notice or knowledge of the existence of the order at the time he is claimed to have violated it. *Knox v. Knox*, 517 P.2d 1350 (Colo.App. 1974) (not selected for official publication). Thus, since there was no evidence that F. D. G. had been notified of the entry of the court order, the trial court properly refused to find him in contempt.

Judgment affirmed.

KIRSHBAUM and TURSI, JJ., concur.